The People *ex rel.* Oscar Nelson, County Collector, Appellant, *vs.* The Illinois Central Railroad Company, Appellee.

*Opinion filed December 21, 1920.*

This case is controlled by the decision in *Martin* v. *Hart*, (*ante*, p. 149.)

Appeal from the County Court of Kane county; the Hon. S. N. Hoover, Judge, presiding.

Charles L. Abbott, State's Attorney, and Roy R. Phillips, for appellant.

J. L. Flannigen, (John G. Drennan, Alschuler, Putnam & Flannigen, and Glen T. Johnson, of counsel,) for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

A petition was presented to the town clerk of Plato township, in Kane county, requesting him to submit at the annual town election in 1919 a proposition for or against a tax for the purpose of constructing gravel, rock and stone roads on the highways described in the petition. The clerk in giving notice of the annual town meeting recited the filing of the petition and gave notice that a vote would be taken for or against a tax for the purpose of constructing gravel, rock and stone roads, with the location and route of the roads, and that the ballot would be substantially as follows: "Shall a special tax for road purposes be levied?" The vote was taken and the ballots cast were in the form stated in the notice. The proposition was carried and the tax levied. The tax against the property of the appellee, the Illinois Central Railroad Company, was delinquent and the county collector applied to the county court for judg-

ment.   The appellee objected that there was a fatal variance between the petition, notice, ballot and levy, in the fact that the statute provided for different distinct kinds of roads and the ballot did not agree with the petition.   The objection was sustained and judgment denied.

The only question in the case is whether the tax was illegal and void because the ballot did not specify that the tax was to be for the construction of gravel, rock and stone roads.   That question has been considered in the case of *Martin* v. *Hart,* (*ante,* p. 149,) where it was held that a ballot in the form prescribed by the statute in force at the time of this election is sufficient and need not specify in detail the matters set forth in the petition.   Upon the authority of the decision in that case the judgment is reversed and the cause remanded.        *Reversed and remanded.*